NO. 07-00-0589-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 7, 2002

_____

ROSALIND A. KELLY, APPELLANT

V.

DEMOSS OWNERS ASSOCIATION AND

ASSOCIATION MANAGEMENT, INC., APPELLEES

_____

FROM THE 11TH DISTRICT COURT OF HARRIS COUNTY;

NO. 96-50669; HONORABLE MARK DAVIDSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Rosalind A. Kelly presents this appeal from a summary judgment that she take nothing against Demoss Owners Association and Association Management, Inc. (the Association) on her action for damages allegedly caused by the wrongful foreclosure of her condominium unit by the Association. By her first issue, Kelly contends the trial court erred in rendering summary judgment because the Association did not serve the motion 21 days

before the hearing. By her second issue, she contends the trial court erred in granting summary judgment because the Association's summary judgment proof was legally insufficient. Based upon the rationale expressed herein, we affirm.

Kelly purchased a condominium in the Demoss subdivision in 1987. Beginning in June 1993 and continuing thereafter, Kelly established a history of delinquent and partial payments on her monthly maintenance assessment. Because of her defaults, the Association foreclosed on the condominium. After the foreclosure, Kelly was notified of the sale and was given 90 days to redeem the property, which she failed to do. On October 4, 1996, Kelly, a member of the State Bar of Texas residing in St. Thomas, Virgin Islands, filed the underlying action against the Association contending that the foreclosure was wrongful, additionally seeking damages for slander, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of contract. Proceding *pro se*, she signed the petition which stated her mailing address to be:

Rosalind A. Kelly
Pro Se 11237580
P.O. Box 308004
St. Thomas, U.S.V.I. 00802

Between 1998 and 2000, trial settings were changed on four occasions. According to the clerk's record, Kelly continued to use the St. Thomas address as late as September 22, 1999, when she filed her motion to withdraw deemed admissions. After verifying that Kelly's

2

mailing address was unchanged with the trial court on August 7, 2000, counsel for the Association filed its no-evidence motion for summary judgment on August 10, 2000, and mailed a copy of the motion and notice of a submission date of September 11, 2000, to Kelly's St. Thomas address shown on her original petition and her most recent pleading filed on September 22, 1999.

Neither the record nor Kelly's brief[1] inform us as to when Kelly moved from St. Thomas. However, on August 15, 2000, she filed a notice of change of address and sent a copy to the Association's counsel designating her new address as 355 E. Vista Ridge Mall Drive, Suite 3124, Lewisville, Texas, 75067, and provided telephone and facsimile numbers. Upon receipt of the notice of change of address, on August 21, 2000, counsel for the Association sent her a courtesy copy of the motion for summary judgment, special exceptions, and notice of oral hearing on the special exceptions. Kelly acknowledged that she received the August 21 notice on August 23, 2000. Then, on September 5, 2000, Kelly filed a response to the motion for summary judgment contending that because she was not served until August 23, 2000, that the hearing date of September 11, 2000 did not provide

---

[1]Although Texas Rule of Appellate Procedure 38.1(f) and (h) requires that the fact statement and the argument in an appellate brief "be supported by record references," Kelly's fact statement makes no references to the record. Therefore, we refer to the Association's fact statement and the clerk's record.

her 21 days notice as required by Rule 166a(c). Kelly did not respond to the no-evidence motion with any summary judgment evidence or file a motion for continuance.[2]

On October 5, 2000, the trial court signed an order on the Association's motion for summary judgment which, among other things, provided that Kelly take nothing against the Association. This order became final when the trial court signed a subsequent order on December 11, 2000, overruling Kelly's motion for new trial and ordering that Kelly take nothing from the Association.[3]

### No-Evidence Summary Judgment Standard of Review

Where, as here, the summary judgment does not specify or state the grounds relied on, it will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ). Where a motion is presented under Rule 166a(i) asserting there is no evidence of one or more

---

[2]We do not consider Kelly's account of a court appearance on September 5, 2000 because it is not supported by the record.

[3]The order signed October 5 and the order signed December 11, 2000, when taken together, constitute a final judgment. Mafrige v. Ross, 866 S.W.2d 590, 591 n. 5 (Tex. 1993). We have also determined that our jurisdiction was invoked although appellant's notice of appeal reflects she is appealing the order signed October 5, 2000. The rules of appellate procedure provide that a prematurely filed notice of appeal need not be considered ineffective so long as it can properly be applied to a subsequent appealable order. Tex. R. App. P. 27.1; see Berry-Parks Rental Equipment v. Sinsheimer, 842 S.W.2d 754, 757 (Tex.App.--Houston [1st Dist.] 1992, no writ).

4

essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under 166a(a) or (b). Rather, although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *See* Tex. R. Civ. P. 166a, Notes and Comments.

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Thus, our task as an appellate court is to ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. Merrill Dow Pharmaceuticals v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 523 U.S.1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Fiesta Mart*, *Inc.*, 979 S.W.2d at 70-71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

By her first issue, Kelly contends the trial court erred in granting the motion for summary judgment because the Association did not serve the motion within 21 days of the hearing.[4]  We disagree.  Texas Rule of Civil Procedure 166a(c) provides in part that:

> Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing.  Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.  No oral testimony shall be received at the hearing.

The clerk's record reflects that the motion for summary judgment was filed August 10, 2000, and counsel's certificate of service demonstrates that notice was sent to Kelly at her address in St. Thomas by certified mail.  The clerk's record also reflects that Kelly filed a response to the motion for summary judgment on September 5, 2000.  By her response, she admitted that on August 23, 2000, she received the motion for summary judgment and other matters mailed to her on August 21, 2000, by counsel for the Association, but contended she was not afforded 21 days notice under Rule 166a(c).  However, in her response, Kelly did not contend that she did not receive the notice sent by certified mail on August 10 and she did not produce any summary judgment evidence, by affidavit or otherwise, that she had not received the notice dated August 10, 2000.  Further, Kelly's response did not attempt to offer any proof that the August 10 mailing was not timely received as provided by Rule 21a of the Texas Rules of Civil Procedure.  Additionally, Kelly

---

[4] Kelly does not contend that the trial court erred in overruling her motion for new trial.

6

did not respond to the merits of the motion for summary judgment, file a motion for continuance, or seek additional time to file her responses. Accordingly, because Kelly did not challenge the date of service by proper summary judgment evidence, we cannot consider the issue on appeal as grounds for reversal. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 677 (Tex. 1979).

Moreover, by her response in the trial court and brief herein, Kelly acknowledged that on August 21, she had actual notice of the filing of the motion for summary judgment, which was 44 days before the trial court signed the judgment. Although Kelly did file a response contending that, based on the August 21 notice, she did not have 21 days notice of the hearing set for September 11, 2000, she did not file a motion for continuance requesting additional time to conduct discovery, to prepare her response, or demonstrate her diligence in keeping the court and opposing counsel informed of her current mailing address. By her original petition filed in October 1996, Kelly designated her mailing address as P.O. Box 308004, St. Thomas, U.S.V.I. 00802, and according to the clerk's record, her address remained the same until she gave notice of the new address on August 15, 2000.

Mailing addresses of parties or attorneys are material to many rules of procedure.[5] Among other rules, Rule 21a requires that every pleading, plea, motion, or application "shall be served on all other parties," and by separate paragraph, provides:

---

[5]*See, e.g.,* Texas Rules of Civil Procedure 10, 21a, 57, 86, 99, 119, 19a, 165a, 196.7, 239a, 534, and 736.

7

> If there is more than one other party represented by different attorneys, one copy of such pleading shall be delivered or mailed to each attorney in charge.

Before a pleading can be mailed, the receiving party must have provided the proper mailing address. Also, Rule 21a provides for alternative methods of service including United States mail. Further, under Rule 57, the address of a *pro se* party or the attorney must be stated in the pleadings; and, Rule 79 requires that a petition state the residences of the parties. Addresses of attorneys and *pro se* parties are essential because they furnish the opponent an address "to which copies of later pleadings and motions may be sent."[6] As a member of the State Bar of Texas, Kelly was charged with notice that if she wanted to ensure prompt notice to her of a motion or other filing by counsel for the Association, she should promptly give notice of any new mailing address. This record demonstrates that any delay in service of actual notice of the filing of the motion for summary judgment was invited by Kelly. Invited error is an equitable doctrine which prohibits a party from acting in a way that misleads a trial court into committing error and is well established in Texas jurisprudence. *See* General Chemical Corp. v. De La Lastra, 852 S.W.2d 916, 920 (Tex. 1993). Accordingly, because Kelly did not promptly file a designation of new address, she cannot complain on appeal that the trial court erred in rendering summary judgment, notwithstanding her contention that she was not afforded 21 days notice under Rule 166a(c). Kelly's first issue is overruled.

---

[6] *See 2* McDonald Texas Civil Practice §7:19 (1992).

By her second issue, Kelly contends the trial court erred in granting the motion for summary judgment because the Association's summary judgment proof was legally insufficient. We disagree. Kelly's issue misplaces the burden of proof. The motion under review is a no-evidence motion and states in bold print in a subheading, **No Evidence Summary Judgment**, and references Texas Rule of Civil Procedure 166a(i) in the subsequent paragraph. Also, the motion separately sets out the elements of Kelly's alleged causes of action and asserts the absence of evidence on those elements.

Contrary to a traditional motion for summary judgment, a party presenting a no-evidence motion for summary judgment is not required to submit summary judgment evidence. Rule 166a(i) expressly provides in part:

> a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence . . . .

Where, as here, the movant asserts that there is no evidence of one or more essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under Rule 166a(a) or (b). Rather, although the non-movant is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *See* Tex. R. Civ. P. 166a *,* Notes and Comments; *see also* Roth v. FFP Operating Partners, 994 S.W.2d 190, 195 (Tex.App.--Amarillo 1999, pet. denied). Kelly's second issue is overruled.

9

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice


Publish.