In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-075 CV


____________________



PRINCE JOSEPH BOHANNON, INDIVIDUALLY AND AS REPRESENTATIVE


OF THE ESTATE OF SHAINEL LEIGH BOHANNON, DECEASED, AND AS


NEXT FRIEND OF MADISON LEIGH BOHANNON; MICHAEL INMAN


AND GALE INMAN, Appellants 



V.



BARRY WINSTON, Appellee
 





On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 06-04-03944-CV






OPINION


 The trial court dismissed with prejudice the medical malpractice claims brought
against Barry Winston, M.D., by Prince Joseph Bohannon, acting individually and in his
capacity as the representative of the estate of his deceased wife, Shainel Leigh Bohannon,
and as next friend of their child, Madison Leigh Bohannon, and by Shainel's parents,
Michael Inman and Gale Inman. (1) In three issues, appellants contend (1) the trial court erred
in granting Winston's motion to dismiss and in awarding attorney's fees to Winston, (2) the
120-day deadline for serving an expert report does not apply when the defendant avoids
service of process, and (3) the rule governing service provides an exception for invited delay. 
On the record filed in this appeal, the trial court reasonably could have found that Winston
did not avoid service. Accordingly, we affirm the trial court's order dismissing the suit and
awarding attorney's fees to Winston.

 We apply an abuse of discretion standard in reviewing the trial court's ruling on a
motion to dismiss for failure to serve the expert report within 120 days of suit. Mokkala v.
Mead, 178 S.W.3d 66, 70 (Tex. App.--Houston [14th Dist.] 2005, pet. denied). We defer to
the trial court's determinations of fact. Id. We review de novo questions of law, including
the trial court's construction of the applicable statute. See Lal v. Harris Methodist Fort
Worth, No. 02-06-421 CV, 2007 WL 2012866, at *2 (Tex. App.--Fort Worth July 12, 2007,
no pet. h.) (not yet reported). In this case, Winston based his motion to dismiss on
Bohannon's failure to serve the experts' reports and curricula vitae within the time required
by Section 74.351(a). See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp.
2006). By granting the motion to dismiss, the trial court implicitly found that the appellants
served the reports late.

 The appellants first brought claims against Winston in a petition filed on April 24,
2006. A civil process request form directed service on Winston at a business address on
Peakwood in Houston. In June 2006, the appellants filed copies of their experts' reports and
curricula vitae with the trial court, but Winston had not yet been served with citation, and the
parties agree that Winston did not receive copies of the reports when appellants filed them. 
The constable served Winston on August 29, 2006. Appellants do not dispute that they
served the report on Winston more than 120 days after they filed their suit against him. The
appellants argue that Winston cannot invoke the 120-day deadline for serving the expert
reports because Winston caused the delay in service of process of their original petition.

 The parties submitted the issue to the trial court on documents and affidavits. 
Winston's affidavit stated that the Peakwood address was his only place of business in 2006. 
Winston's receptionist supplied an affidavit stating that she worked for Winston at the
Peakwood address from before the date the suit was filed, and that the office closes every
Friday at noon. A constable attempted service of citation after noon on Friday, May 24,
2006. The receptionist averred that she accepts deliveries, that she would have been the only
person who would have spoken with anyone attempting service of process, and that she did
not speak with a constable on that date. She swore that she did not represent to anyone that
they had moved their office, that a note on the front door notified patients that they would
be moving to a Cypress Station address in the summer of 2006, but that Winston's office
continued to operate as usual up to and including November 13, 2006, when she made her
affidavit.

 Bohannon relied on the constable's return to establish that Winston evaded service of
process. The constable attempted service on Winston at the Peakwood address at 3:00 p.m.
on May 26, 2006, and noted "moved out to new address." The constable attempted service
on Winston at the Cypress Station address at 3:20 p.m. on May 30, 2006, and noted "not
moving in for two more months." The return stated "Barry Winston is in between offices
now and . . . will not be moved in for two more months" and noted that citation should
"reissue in late July to be served then."

 Bohannon argues the evidence demonstrates that Winston caused the delay in service
by placing a sign on the door announcing a change in location that summer and by his office
being closed when the constable attempted service. A party who fails to provide a current
address for service cannot complain of a delay in actual notice. Kelly v. Demoss Owners
Ass'n, 71 S.W.3d 419, 424 (Tex. App.--Amarillo 2002, no pet.). Bohannon's reliance on
Kelly is misplaced for two reasons: first, Winston was not yet a party when the constable
attempted service; and second, the address listed with the Board of Medical Examiners was
the address where Winston's office was physically located and where service was eventually
perfected. There is no evidence that Winston intended to deceive anyone by placing a sign
on his door; rather, by all accounts, Winston apparently placed the sign there for the benefit
of his patients, and the sign referred to a future event. Bohannon does not controvert the
receptionist's assertion that Winston customarily closed the office at noon on Fridays. The
two attempts at service here, only one of which was at the correct address, do not compel a
finding that the person to be served was actively avoiding service. The trial court could
reasonably find as a matter of fact that Winston was not avoiding service.

 Next, Bohannon argues that the rules of civil procedure provide an exception when
service is attempted but not achieved. See Tex. R. Civ. P. 21a ("Nothing herein shall
preclude any party from offering proof that the notice or instrument was not received, or, if
service was by mail, that it was not received within three days from the date of deposit in a
post office or official depository under the care and custody of the United States Postal
Service, and upon so finding, the court may extend the time for taking the action required of
such party or grant such other relief as it deems just."). The part of Rule 21a upon which
Bohannon relies provides the trial court with the discretion to establish a date of service
based upon the actual receipt of notice as opposed to the date of constructive delivery. See 
id. It does not speak to extending the deadline for providing service. See id.

 Bohannon also argues that the 120-day requirement under Section 74.351(a) should
not apply until after the plaintiff obtains service of process. Because an unserved party has
neither a duty to answer nor a right to participate in the suit, Bohannon argues, a plaintiff
could theoretically prevent a doctor from objecting to a defective report by serving the report
but delaying service of the petition until after the time to object elapsed. Likewise,
Bohannon argues, a defendant like Winston may avoid service of process until the 120-day
deadline expires. We addressed a similar argument in a case in which the plaintiff deferred
taking a default judgment against the defendant, who eventually answered and filed a motion
to dismiss. Smith v. Hamilton, No. 09-07-128 CV, 2007 WL 1793754, at *1, *3 (Tex.
App.--Beaumont June 21, 2007, no pet.) (mem. op.). The trial court denied the motion, and
the doctor appealed. Id. at *1. We held that Section 74.351 did not provide the trial court
with the discretion to grant an extension of time in the absence of an agreement of the parties. 
Id. at *4. The potential for gamesmanship does not vest the courts with the power to
legislate; instead, we must apply the statute as it is written and address a party's misconduct
in an appropriate manner when it occurs. The record of this appeal reveals no
gamesmanship. We hold that the trial court did not err in failing to grant an extension of time
for complying with Section 74.351(a). See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). 
We overrule the appellants' three issues and affirm the judgment of the trial court. (2)

 AFFIRMED.

 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on September 20, 2007

Opinion Delivered October 4, 2007

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. In this opinion, we refer to the appellants collectively as "Bohannon." Their claims
against another doctor, Rajender K. Syal, M.D., were severed by agreement and are not now
at issue.
2. The appellants suggest the Court should remand to the trial court for an evidentiary
hearing. Because we find no error and affirm the trial court's decision in the case, a remand
would be inappropriate. See generally Tex. R. App. P. 43.2.