NO. 07-08-0360-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 13, 2009
_____

GRACE ELAINE HERRING, INDIVIDUALLY AND AS
INDEPENDENT EXECUTRIX OF THE ESTATE OF
JIMMY JOE HERRING, DECEASED, AND GRACE ELAINE HERRING,
SHARLA PARKER, AND STEPHANIE CAVAZOS, INDIVIDUALLY AND AS
LEGAL HEIRS AND REPRESENTATIVES OF THE ESTATE OF
JIMMY JOE HERRING, DECEASED, APPELLANTS

V.

EDDIE O. HAYDON D/B/A HAYDON FARMS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B8703-0707; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Grace Elaine Herring, individually and as independent executrix of the estate of Jimmy Joe Herring; and Sharla Parker and Stephanie Cavazos, individually and as legal heirs and representatives of the estate of Jimmy Joe Herring (collectively, "Herring"), appeal the granting of a no-evidence summary judgment in favor of appellee, Eddie O. Haydon d/b/a Haydon Farms (Haydon).  We affirm the trial court's judgment.

## Factual and Procedural Background

On or about November 16, 2005, the decedent, Jimmy Joe Herring (decedent) was employed by Haydon in connection with Haydon's farming operations. On the date in question, the decedent was operating a cotton module builder when he fell while descending a ladder on the side of the module builder. After the fall, decedent was taken to his home and, approximately one week later, he died.

Herring sued Haydon for wrongful death as well as vicarious liability and negligent hiring, retention, and supervision of his employees. Herring alleged that the lighting was inadequate in and around the module builder and that Haydon knew that Herring was not able to safely use the module builder ladder due to his poor health. Herring further alleged that Haydon was negligent for failing to provide a reasonably safe work place, failing to provide proper and safe equipment, failing to obtain medical assistance, and failing to take decedent to the hospital after the incident.

Haydon filed a traditional and no-evidence motion for summary judgment. Haydon's no-evidence motion for summary judgment alleged that there was no evidence that the ladder at issue was in any way defective and, further, that there was no evidence that the alleged lack of lighting was a proximate cause of decedent's injuries. Haydon further alleged that there was no evidence that the lack of emergency medical attention was a proximate cause of the death of decedent. Haydon also alleged that there was no evidence that Herring's medical condition caused the fall. As to the negligent hiring claim, Haydon's motion for summary judgment alleges that Herring can produce no evidence that

2

the employees hired by Haydon were incompetent or unfit. After Herring's response was received, the trial court granted the no-evidence motion for summary judgment and entered a take nothing judgment.

Herring appeals the judgment of the trial court via three issues. Herring alleges that the trial court erred: 1) by refusing to find Haydon owed a duty to protect the decedent from injury; 2) in finding that Haydon did not breach the duty to protect the decedent; and 3) in finding the decedent did not suffer damages as a result of Haydon's breach of duty.[1] Disagreeing with Herring, we affirm the trial court's judgment.

## Standard of Review

Because a no-evidence motion for summary judgment is, in essence, the same as a pretrial directed verdict, we apply the same legal sufficiency standard. See Kelly v. Demoss Owners Ass'n, 71 S.W.3d 419, 423 (Tex.App.–Amarillo 2002, no pet.). A no-evidence motion for summary judgment is properly granted unless the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the elements challenged by the motion. See TEX. R. CIV. P. 166a(i); Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). We must view all of the summary judgment evidence in the light most favorable to the non-movant. See Roth v. FFP Operating Partners, L.P., 994 S.W.2d 190, 195 (Tex.App.–Amarillo 1999, pet. denied). More than a scintilla of evidence exists when the evidence "rises to a level that would enable

---

[1] While Herring's issues reference "findings" of the trial court, we note that a no-evidence summary judgment is a legal question and that the trial court did not enter findings of fact or conclusions of law in this matter.

3

reasonable and fair-minded people to differ in their conclusions." Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). On the other hand, less than a scintilla of evidence has been described as evidence "so weak as to do no more than create a mere surmise or suspicion." King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). When the summary judgment does not specify which of the various grounds pled that it relied upon, then it will be affirmed if any of the grounds presented in the motion are meritorious. Kelly, 71 S.W.3d at 422.

Applicable Law

The elements of a negligence claim are duty, breach of that duty, and damages proximately caused by the breach of duty. See Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995). Since this is a negligence case involving an employee/employer relationship, we must remember that the employer is not an insurer of the employee's safety. See Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996). However, the employer does have the duty of using ordinary care in furnishing a safe place to work. Id.

Herring also sued appellant for negligent hiring, supervision, and retention. The elements of a negligent hiring, supervision, and retention claim may be generally stated as 1) the duty to hire, supervise, and retain competent employees; 2) the employer breaches that duty; and 3) the employer's breach of that duty proximately caused the damages sued for. See LaBella v. Charlie Thomas, Inc., 942 S.W.2d 127, 137 (Tex.App.–Amarillo 1997, writ denied). An employer is liable for negligent hiring, supervision, or retention when proof

4

is presented that the employer hired an incompetent or unfit employee whom it knew or, by the exercise of reasonable care, should have known was incompetent or unfit, thereby creating an unreasonable risk of harm to others. See Dangerfield v. Ormsby, 264 S.W.3d 904, 912 (Tex.App.–Fort Worth 2008, no pet. h.)

## Analysis

Haydon's no-evidence motion for summary judgment alleges that Herring can produce no evidence that:

> 1) any act or omission committed by Haydon was the proximate cause of the decedent's death;
>
> 2) the ladder from which the decedent fell was, in any manner, faulty;
>
> 3) a lack of lighting at the work site was the proximate cause of the decedent's fall;
>
> 4) the lack of emergency care immediately after the accident was a proximate cause of the death of the decedent.
>
> 5) Haydon's employees were incompetent or unfit or that, if the employees were incompetent or unfit, Haydon hired those employees with the knowledge that they were incompetent or unfit.

A review of the record presented to this court reveals that Herring has failed to identify any evidence indicating that the ladder was, in any manner, defective. Our review of the evidence reveals that Herring offered no evidence that the ladder was defective. See Kelly, 71 S.W.3d at 422.

Regarding the issue of causation, we must remember that causation is made up of two elements: cause in fact and foreseeability. See Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue, 271 S.W.3d 238, 246 (Tex. 2008). Cause in fact requires that the allegedly

5

negligent act or omission constitute a substantial factor in bringing about the injuries and, without it, the injuries would not have occurred. Id. Forseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. Doe, 907 S.W.2d at 478. Proximate cause cannot be established by speculation, conjecture, or mere guess work. Columbia Med. Ctr., 271 S.W.3d at 246. Rather, a causal nexus must be established between conduct of the defendant and the event and between the event and the injuries. See Burroughs, 907 S.W.2d at 499.

The record reveals that there was no medical evidence presented to demonstrate how the fall caused decedent's death. The cause of death is something that ordinarily requires expert testimony.[2] See Guevara v. Ferrer, 247 S.W.3d 662, 667 (Tex. 2007). Herring has attempted to bridge these causation issues with reference to summary judgment evidence pointing out that the deceased was not in good health. According to Herring, the decedent suffered from a variety of blood pressure, heart, and circulatory maladies. However, this evidence fails to establish any causal connection between the event and decedent's injuries. At best, it raises only conjecture and speculation and is, therefore, insufficient to establish causation. Columbia Med. Ctr., 271 S.W.3d at 246.

The same questions regarding causation are fatal to Herring's claims regarding the lack of emergency care for decedent. All that is presented is the testimony of the decedent's wife that the decedent was brought to the home instead of a hospital. The

---

[2] This is especially true where there were no medical records brought forth in the record.

6

evidence further reflects that the deceased died about one week later. As to what transpired in that week, we can only speculate. This is not evidence of causation. Id.

Finally, the only evidence that Herring has produced regarding the hiring, supervision, and retention of any other employees of Haydon was that the employee who was supervising the decedent at the time of the accident may have had a drinking problem at some point in time. There was no evidence that the supervising employee was intoxicated or even drinking on the day in question. Further, there is no evidence that any action of the supervising employee caused the death of the decedent. The only evidence presented results in a need to conjure up connections or speculate about events that are not supported in the record. Id.

Because there is no evidence regarding a defect in the ladder, further, because there in no evidence regarding how the fall caused the death of decedent, nor is there any causation evidence connecting the lack of emergency medical treatment and the injuries and death of decedent, and there is no evidence regarding any negligent hiring, supervision, or retention, we conclude that the trial court was correct in granting a summary judgment against Herring.

Conclusion

The trial court's decision to grant summary judgment against Herring is affirmed.

Mackey K. Hancock
Justice

7