United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

06-10472

———————

GLENN FORGAN, JR., Individually and as Executor and/or
Representative of the Estate of Richard Dunn Allen;
GLENDA FORGAN, Individually as the Mother of the
Deceased; ROBERT ALLEN, Individually as the Father of
the Deceased

Plaintiffs-Appellants,

v.

HOWARD COUNTY TEXAS; ET AL.

Defendants,

HOWARD COUNTY TEXAS; HOWARD COUNTY SHERIFF'S DEPARTMENT

Defendants-Appellees.

———————

Appeal from the United States District Court
for the Northern District of Texas

———————

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit
Judges.

BENAVIDES, Circuit Judge:

Richard Allen was arrested and taken to Howard County Jail for
driving while intoxicated and possession of marijuana. During the
booking process, Allen indicated that he was medicated for a number
of mental ailments, including depression, but that he was not

1

thinking about killing himself at the time. Based on this and other information, jailer Adam Dunlap classified Allen as a "risk" for suicide, meaning that he would be checked every fifteen minutes. Dunlap issued Allen a pair of trousers and a shirt to wear, and he was placed in a holding cell. After approximately one hour, Allen was found hanging from his jail-issued trousers. Attempts to resuscitate Allen failed, and he died.

Allen's family ("Appellants") brought this suit against Howard County, Howard County Sheriff's Department, and several individual defendants under the Texas Tort Claims Act ("TTCA") and 42 U.S.C. § 1983. They argued that Allen should have been classified as a "high risk" on continuous watch, as opposed to a mere "risk." By ignoring Allen's obvious predisposition for suicide, Appellants argue, the defendants were deliberately indifferent by failing to protect Allen from his suicidal tendencies, furnishing him with the means to commit suicide, and failing to properly train County employees.

The individual defendants were granted summary judgment on qualified immunity grounds, and that judgment is not on appeal. The district court subsequently granted summary judgment in favor of Howard County and its Sheriff's Department (collectively "Howard County"), and Allen's family appeals that judgment. We AFFIRM the district court's judgment.

## I. DISCUSSION

### A. The Texas Tort Claims Act and the "Use of Property"

2

A Texas governmental unit is generally immune from tort liability unless the legislature has somehow waived immunity. *Texas Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 586–87 (Tex. 2001). The TTCA has a limited immunity-waiver provision, removing governmental immunity for "personal injury and death so caused by a *condition or use of* tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2) (emphasis added).

Thus, in evaluating the TTCA claim, the threshold question is whether issuing a suicidal inmate trousers qualifies as a *condition or use of* property sufficient to waive governmental immunity. The district court found that "[m]erely providing Decedent with the trousers does not equate to 'use' by [Howard County]." This is a pure question of statutory interpretation which this Court reviews *de novo*. *United States v. Hanafy*, 302 F.3d 485, 487 (5th Cir. 2002).

Appellants argue that "use" means "to put or bring [personal property] into action or service," and the trousers were put into service by Howard County when they were issued. *See Miller*, 51 S.W.3d at 588. Howard County counters that the injury must be a direct result of the County's use of the property, and merely allowing another person to use it, even if he harms himself with it, is insufficient under the TTCA.

3

Neither party adequately captures the caselaw. This is not entirely their fault, as Justice Hecht of the Texas Supreme Court has observed, repeated attempts to clarify this issue "have done so little to infuse the Act's use-of-property standard with meaning that the task now appears hopeless. The [TTCA] does not define 'use,' and nothing in the history of its passage provides a clue as to the standard's intended meaning." *Miller*, 51 S.W.3d at 590 (Hecht, J., concurring).[1] Justice Hecht furthered, in summarizing the caselaw:

> We have held that failing to provide a hospital patient a bed with rails or a football player a properly protective uniform or an epileptic swimmer with a life preserver is a use of property within the statutory waiver of immunity, but failing to give a patient an injectionable drug or to install a pump to dissipate gas fumes is but a non-use of property outside the waiver. We have held that misreading an electrocardiogram is a use of property, but misreading medical records is not.

*Id.* at 590 (Hecht, J., concurring).

The best reading of the Texas Supreme Court cases is that a waiver occurs if death or injury results from (1) the direct use of property by a state actor, or (2) a defective condition of state-issued property, even if actively employed by a third-party at the time of injury. That is, when there is some intervening non-state

---

[1] These concerns are often followed by requests that the legislature clarify this portion of the TTCA. *See, e.g., Miller*, 51 S.W.3d at 590 (Hecht, J., concurring); *Robinson v. Cent. Texas MHMR Ctr.*, 780 S.W.2d 169, 170 (Tex. 1989); *Lowe v. Texas Tech. Univ.*, 540 S.W.2d 297, 301 (Tex. 1976) (Greenhill, C.J., concurring).

actor that proximately causes the harm, such as Allen in this case, there must be a defective condition in the property itself for a waiver of immunity under the TTCA. This rule generally captures the caselaw[2] and the TTCA's language regarding either a "condition or use" of the property.

*San Antonio State Hosp. v. Cowan* makes it fairly clear that merely issuing non-defective trousers to Allen is not sufficient to waive immunity under the TTCA. 128 S.W.3d 244 (Tex. 2004). In that case, the Texas Supreme Court found that allowing a state hospital patient to keep his walker and suspenders, which he later used to hang himself, did not constitute the use of property under the TTCA. *Id.* at 246. The court reasoned that, "[i]f all 'use' meant were 'to make available,' the statutory restriction would have little force." *Id.; see also Bossley*, 51 S.W.2d at 343 ("Requiring only that a condition or use of property be involved would conflict with the [TTCA's] basic purpose of waiving immunity only to a limited degree.").

Appellants' attempt to distinguish *Cowan* on the basis that the walker and suspenders were owned by the patient, whereas here the

---

[2] There are some scenarios where this rule would not do much to inform the analysis. For instance, where a suicidal hospital patient escapes out of an unlocked door and kills himself, whether the door being unlocked qualifies as a "defective condition" is difficult to answer, but the Texas Supreme Court found that there was no waiver of immunity in such a case. *Dallas County Mental Health & Mental Retardation v. Bossley*, 51 S.W.2d 339 (Tex. 1998).

trousers were state owned. This distinction is unavailing for several reasons. First, *Cowan*'s analysis places absolutely no reliance on the fact that the walker and suspenders belonged to the patient rather than the state. Second, the TTCA's waiver provision is entirely indifferent as to whether the property in use is state or privately owned. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(2). Finally, the cases Appellant relies on all involve inherently defective property, and none of them relied on the state-owned nature of the property in finding a waiver. *See Lowe*, 540 S.W.2d at 300 (involving state-issued football "equipment, uniforms and pads which were defective"); *Mcguire v. Overton Mem'l Hosp.*, 514 S.W.2d 79 (Tex. Civ. App. 1979) (involving defective hospital bed plaintiff fell out of because it lacked side railings).

Because it was Allen's use of the state-issued trousers that caused his death, and there is no allegation that the trousers were in a defective condition, we agree with the district court that the TTCA's waiver provision does not apply. Howard County is immune from the TTCA claim.[3]

## B. Appellants' Deliberate Indifference Claim

The Appellants next complain that the district court inappropriately granted Howard County's summary judgment motion on

---

[3] We agree with the district court on this ground, so we do not address Howard County's alternative argument that Appellants could not maintain their TTCA action because the state officials involved have official immunity.

their § 1983 deliberate indifference claim.  We review a district court's summary judgment ruling de novo.  *N.W. Enters., Inc. v. City of Houston*, 352 F.3d 162, 172 (5th Cir. 2003).

The district court granted its § 1983 summary judgment on a number of independent grounds.  For instance, it found that Appellants never properly pled their deliberate indifference claim as a due process violation.  It also found that any deliberate indifference claim is foreclosed by its earlier unappealed summary judgment in favor of the individual defendants.  Appellants now argue that they did raise this as a due process claim and that the earlier summary judgment has no preclusive effect as to the County's liability.[4]

Assuming without deciding that Appellants properly raised this due process claim and that it is not precluded by the earlier summary judgment order, we still find that they raised no genuine issue of material fact sufficient to survive summary judgment.  To

---

[4] Because a deliberate indifference claim against a County requires the plaintiff to first "show that the municipal employee violated his clearly established constitutional rights with subjective deliberate indifference," and the summary judgment in favor of the individual defendants found that none of them acted with such deliberate indifference, the district court found that this claim was foreclosed. Appellants take issue with this line of reasoning and the district court's application of *Flores v. County of Hardeman*, 124 F.3d 736 (5th Cir. 1997). They persuasively argue that the earlier judgment came when discovery was limited to qualified immunity questions, before the deliberate indifference issue could be fully litigated, and therefore should not have preclusive effect as to the County's liability. This is an interesting argument, but we need not decide the issue in this appeal.

establish a county's liability on a § 1983 claim, a plaintiff must show that the County had some inadequate custom or policy that acted as the moving force behind a constitutional violation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Appellants never presented anything more than conclusory statements to attack Howard County's suicide prevention policies. They also never showed how any such inadequate policy was the moving force behind classifying Allen as a suicide "risk" as opposed to a "high risk."

It is undisputed that Dunlap, the jailer on duty, received training in suicide prevention and performed the required screening. The primary evidence of inadequate training Appellants point to is the deposition of Dunlap, who stated—contrary to Appellants' description of the record—that the jailers were repeatedly trained, essentially on a daily basis.[5] Appellants' conclusory statements that Dunlap could have been trained better are insufficient to raise a genuine issue of fact. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). Proof of a single incident generally will not support a finding of

---

[5] Appellants curiously rely on Dunlap's statement that, as a jailer, he "never had any in-house training." Looking at the cited portion of the record, Dunlap is asked if he received "in-house training," and Dunlap answered, "I would say yes, because we do that on a daily basis." Rec. Ex. at 1828. While Appellants complain that all of his training was on-the-job training, they never indicate how that constitutes a constitutionally infirm custom or policy.

inadequate training as a matter of custom or policy. *Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir. 1998). Moreover, as the district court pointed out, Appellants seem to concede that Howard County had an adequate suicide policy as they repeatedly pointed out how Dunlap's *deviations* from that policy caused Allen's suicide.

Appellants have not directed us to any competent evidence that shows Howard County Jail's training policies are inadequate or that they led to Allen's death. We find that Appellants raised no genuine issue of fact as to their deliberate indifference claim and that the district court correctly found that Howard County was entitled to summary judgment.

## II.  CONCLUSION

We agree with the district court's conclusions on both the TTCA and the § 1983 claims, and AFFIRM its summary judgment.