NO. 07-09-00102-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



APRIL
20, 2010

 



 

MICHELLE ROCHA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF
RAYMOND DWAYNE BINGLE, APPELLANT

 

v.

 

POTTER COUNTY, TEXAS, ET AL., APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 91,748-B; HONORABLE DAVID L. GLEASON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

OPINION

 

 

Appellant, Michelle Rocha, appeals
the trial court’s grant of appellee’s, Potter County,
plea to the jurisdiction and motion for summary judgment relating to Rocha’s 42
U.S.C. § 1983 claims.[1]  We affirm.

 

 

Factual and Procedural Background

            On
October 24, 2001, Raymond Bingle, the 19-year-old son
of Rocha, was arrested on charges of aggravated sexual assault of a child and
possession of drug paraphernalia.  He was
incarcerated in the Potter County Detention Center while awaiting trial on
these charges.  In accordance with Potter
County Detention Center policy, Bingle was screened
to assess whether he presented any special housing, medical,
or mental health issues.  During this
screening, Bingle denied having ever attempted to
commit suicide and denied having suicidal thoughts at the time of the
screening.  Nonetheless, the screening
officer concluded that Bingle presented special
management concerns due to “psychological impairment,” “mental deficiency,” and
“suicide risk.”

            On
or about December 11, 2001, Bingle was involved in a
fight with another inmate.  As a result
of this incident, Bingle was rescreened.  The rescreening again classified Bingle as presenting management concerns due to
“psychological impairment,” “mental deficiency,” and “suicide risk.”  Bingle was served
with a review board notice for his involvement in the fight, but he waived his
right to a hearing and accepted a sanction of ten days of lockdown and loss of
privileges.  Bingle
was placed in a “fishbowl cell” that allowed officers to more closely observe
the inmates in the cells.  However, it
appears that the reason that Bingle was placed in
this cell was due to his involvement in the fight rather than because of his
suicide risk.  

            On
December 25, 2001, Bingle was denied the opportunity
to visit with his family because the visitation list had been filled.  This upset Bingle
and he threatened to “throw a fit” or “do something” if he was not allowed to
see his family.  However, Bingle did not expressly threaten to commit suicide.

            On
December 26, 2001, Officers Gasparovich and Dorrance went on duty overseeing the A pod in which Bingle was being housed. 
Gasparovich and Dorrance
were not aware that Bingle had been classified as a
suicide risk.  As a result, Bingle was checked in the same manner as any other inmate
housed in A pod. 
When Gasparovich and a trustee took Bingle his breakfast, the trustee discovered that Bingle had hanged himself with a sheet that he had tied to
the railing of his shower.  Gasparovich called a medical officer, who checked Bingle for a pulse, but did not find one.  

            On
December 31, 2003, Rocha, Bingle’s mother, filed her
First Amended Petition wherein she claimed, inter
alia, that appellees, Potter County and Sheriff
Mike Shumate, were responsible for Bingle’s suicide
pursuant to § 1983 and the Texas Tort Claims Act, see Tex. Civ. Prac. & Rem. Code Ann. ch. 101 (Vernon 2005).  On May 23, 2008, as a result of a rule 11
agreement between the parties, Rocha filed her Second Amended Petition, which
reasserted her § 1983 claims but omitted her claims under Texas law.  On October 13, 2008, Potter County and
Shumate filed their Plea to the Jurisdiction and Motion for Summary
Judgment.  In her response, Rocha
voluntarily dismissed her claims against Shumate as being duplicative in
nature.  On February 28, 2009, the trial
court entered its judgment granting Potter County’s Plea to the Jurisdiction
and Motion for Summary Judgment, dismissing Rocha’s claims, and assessing costs
of court against Rocha.  On March 30,
2009, Rocha filed her Notice of Appeal.

            By one issue, Rocha appeals. 
Rocha contends that more than a scintilla of evidence was presented to
raise a genuine issue of material fact on her § 1983 and Texas Tort Claims Act
claims[2]
and that there were insufficient grounds for the trial court to grant Potter
County’s Plea to the Jurisdiction.  While
Rocha’s appellate brief presents only one issue, we will address the trial
court’s grant of Potter County’s jurisdictional plea and summary judgment
motion separately.

Plea to the Jurisdiction

Standard of Review

            A
plea to the jurisdiction is a proper pleading for challenging a court’s subject
matter jurisdiction over a claim.  See
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  When a plea to
the jurisdiction is filed, the plaintiff bears the burden of alleging facts
that affirmatively show that the trial court has subject matter jurisdiction
over plaintiff’s claims.  See Tex.
Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  As such, consideration of a plea to the
jurisdiction must begin by focusing on the plaintiff’s petition to determine
whether the facts pled affirmatively demonstrate the trial court’s jurisdiction
over the case.  State
v. Holland, 221 S.W.3d 639, 642-43 (Tex. 2007).  However, in some instances, evidence may be
relevant to the jurisdictional issue.  Id. at 643. 
When evidence is relevant to the jurisdictional issue, the reviewing
court must consider this evidence to determine whether the evidence raises a
fact question regarding the jurisdictional issue.  Tex. Dep’t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004).  If the evidence raises a fact question
regarding the jurisdictional issue, the court cannot grant the plea and the
fact question must be resolved by the fact finder.  Id. at 227-28.

            Generally,
a county has no sovereign immunity from a § 1983 claim.  County of Dallas v. Sempe,
151 S.W.3d 291, 299-300 (Tex.App.—Dallas 2004, pet. dism’d w.o.j.).  To present a valid claim for a violation of §
1983, a plaintiff must plead facts showing that: (1) a policy or custom
existed, (2) the governmental policymakers actually or constructively knew of
the policy’s existence, (3) a constitutional violation occurred, and (4) the
custom or policy served as the moving force behind the violation.  Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 532-33 (5th
Cir. 1996).  A plaintiff’s
description of the policy or custom and its relationship to the constitutional
violation cannot be conclusory; it must contain
specific facts.  Spiller
v. City of Texas City, Police Dep’t, 130 F.3d 162, 167 (5th Cir.
1997).

Analysis

            A
review of Rocha’s live pleading reveals that each of these elements of a § 1983
claim were alleged.  She specifically
alleges that Potter County had eight policies or customs of which policymakers
were aware and that were the moving force behind a violation of Bingle’s Fourth and Fourteenth Amendment rights.  However, our review of Rocha’s live pleading
leads to the conclusion that the factual allegations do not support her claims
of Potter County’s policies and customs. 
The facts pled are not sufficient to support that Potter County had these claimed policies or customs nor how these policies
or customs were the moving force behind the violation of Bingle’s
constitutional rights.  Thus, we conclude
that Rocha’s live pleading fails to provide specific facts sufficient to
present a prima facie claim that
Potter County violated Bingle’s constitutional
rights.  See id.; Meadowbriar, 81 F.3d at 532-33.

            However,
both parties presented significant amounts of evidence to the trial court that might
be relevant to the jurisdictional issue. 
We must consider this evidence.  See
Miranda, 133 S.W.3d at 227.  Since the issue of whether this evidence is
sufficient to establish a prima facie
case for a § 1983 claim is subsumed within the issue of whether Rocha has
presented sufficient evidence to raise a fact question on the elements of her
claim, we will review this jurisdictional evidence in our analysis of Rocha’s
issue regarding the trial court’s grant of summary judgment.  See id.  However, we will conclude that the evidence
does not raise a fact issue regarding whether Rocha has sufficiently pled a
cause of action under § 1983.

            Consequently,
we affirm the trial court’s grant of Potter County’s Plea to the Jurisdiction.

Summary Judgment

            By
its summary judgment motion, Potter County asserted both no-evidence and
traditional grounds.  See Tex. R. Civ. P. 166a(c), (i); Binur v. Jacobo, 135 S.W.3d 646, 650-51 (Tex. 2004) (permitting
motions combining no-evidence and traditional grounds).  We review both no-evidence and traditional
grounds for summary judgment de
novo.  See Joe
v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 156-57 (Tex.
2004).  

Standard of Review – No-Evidence

Because
a no-evidence motion for summary judgment is, essentially, a pretrial directed
verdict, we apply the same legal sufficiency standard.  Kelly v. Demoss
Owners Ass=n, 71 S.W.3d 419, 423 (Tex.App.BAmarillo 2002, no
pet.).  A no-evidence motion for summary judgment is
properly granted unless the nonmovant brings forth
more than a scintilla of evidence to raise a genuine issue of material fact on
the elements challenged by the motion.  See
Tex. R. Civ. P. 166a(i); Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). 
More than a scintilla of evidence exists when the evidence Arises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.@  Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995).  On
the other hand, less than a scintilla of evidence has been described as
evidence Aso weak as to do no more than create
a mere surmise or suspicion.@ 
King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
751 (Tex. 2003).  In reviewing a
summary judgment, we must view all of the summary judgment evidence in the
light most favorable to the nonmovant and indulge
every reasonable inference in his or her favor as well.  See City of
Keller v. Wilson, 168 S.W.3d 802, 824 (Tex. 2005).  However, when the summary judgment does not
specify the grounds asserted in the motion that it was premised upon, it will
be affirmed if any of the grounds presented are meritorious.  Kelly, 71 S.W.3d at
422.

Standard of Review – Traditional

            In
reviewing a traditional summary judgment, the following standards apply:

1.    the movant has the burden of
showing that there is no genuine issue of material fact and that it is entitled
to judgment as a matter of law;

2.    in deciding whether there is a disputed material fact
issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and

3.    every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor.

 

Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997)
(citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985)).  Summary
judgment is proper if the defendant disproves at least one element of the
plaintiff’s claims or establishes all elements of an affirmative defense to
each claim.  Id.

Law Applicable to Rocha’s § 1983
Claims

To establish a violation of § 1983, a
plaintiff must prove that: (1) a policy or custom existed, (2) the governmental
policymakers actually or constructively knew of the policy’s existence, (3) a
constitutional violation occurred, and (4) the custom or policy served as the
moving force behind the violation.  Meadowbriar, 81 F.3d at 532-33.  Liability for violations of constitutional
rights may be established by a § 1983 claim, but § 1983 will not provide a
remedy for violations of duties of care arising out of tort law, such as
negligence.  Baker
v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).  Pretrial detainees possess a constitutional
right to basic needs, such as medical care and safety, that
flows from the procedural and substantive due process guarantees of the
Fourteenth Amendment.  Hare v. City of
Corinth, 74 F.3d 633, 639 (5th Cir. 1996).  The failure to provide adequate protection
against a pretrial detainee’s known suicidal impulses is actionable under §
1983.  Rhyne v. Henderson County,
973 F.2d 386, 391-92 (5th Cir. 1992).  

Rocha contends that her claims state
challenges to both a condition of confinement and an episodic act or
omission.  Each of these types of
challenges is governed by a different standard of review.  See Flores v. County of Hardeman,
124 F.3d 736, 738 (5th Cir. 1997).  The Fifth Circuit has interpreted § 1983 to
prohibit plaintiffs from conflating claims concerning a prison official’s act
or omission with a condition of confinement complaint.  See Anderson v.
Dallas County, 286 F.App’x 850, 858 (5th
Cir. 2008) (unpub. op.) (citing
Flores, 124 F.3d at 738).  A
condition of confinement claim “is a constitutional attack ‘on general
conditions, practices, rules[,] or restrictions of
pretrial confinement.’”  Flores,
124 F.3d at 738 (quoting Hare, 74 F.3d at 644).  By contrast, a claim is an episodic act or
omission claim when the harm complained of arises from a particular act or
omission of one or more officials.  Id. (citing Hare, 74 F.3d at 645).  

Rocha appears to premise her
contention that she has stated a condition of confinement claim on Potter
County’s inadequate training and supervision and failure to comply with the
policies in place when Bingle was assessed to be a
suicide risk.  However, proof of a single
incident generally will not support a finding of inadequate training as a
matter of custom or policy.  Forgan
v. Howard County, 494 F.3d 518, 522 (5th Cir. 2007).  Looking at Rocha’s complaints as a whole
reveals that she does not contend that Potter County did not have policies in
place that, if followed, would have prevented Bingle’s
suicide.  Rather, Rocha’s contentions
relate to the failure of Potter County’s employees to follow the policies that
were in place.  Rocha’s contentions are
very similar to the claims asserted in other § 1983 claims based on suicides
committed by detainees, and claims based on these sorts of contentions have consistently
been determined to present episodic act or omission claims.  See Forgan,
494 F.3d at 522 (claims of deviation from suicide policy require proof of
deliberate indifference); Anderson, 286 F.App’x
at 859 (failure to follow policies is a “classic episodic-act-or-omission
case”); Flores, 124 F.3d at 738 (failure to take precautions under
policy is an episodic act or omission case); Hare, 74 F.3d at 647-48
(failure to take a suicide threat seriously states an episodic act or omission
case).  Therefore, we will apply the
standard applicable to episodic act or omission claims in our review of Rocha’s
§ 1983 claims.

Having concluded that Rocha’s § 1983
claims are episodic act or omission claims, to overcome summary judgment, Rocha
must prove that a genuine issue of material fact exists that (1) a county
employee violated Bingle’s constitutional rights with
subjective deliberate indifference, and (2) the violation resulted from a
county policy or custom adopted or maintained with objective deliberate
indifference.  Scott
v. Moore, 114 F.3d 51, 54 (5th Cir. 1997).  

A prison official acts with
subjective indifference if he knows that an inmate faces a substantial risk of
serious bodily harm, yet disregards that risk by failing to take reasonable
measures to abate it.  Gobert
v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).  Stated another way, a plaintiff must show
both that the employee was aware of facts from which an inference of an
excessive risk to the prisoner’s safety could be drawn, and that the employee
actually drew an inference that such potential for harm existed.  Bradley v. Puckett,
157 F.3d 1022, 1025 (5th Cir. 1998).  Deliberate indifference is an extremely high
standard to meet.  Gobert,
463 F.3d at 346.  It is the subjective culpability that is key; merely finding that a reasonable person would have
known or that the defendant should have known is insufficient.  Farmer v. Brennan,
511 U.S. 825, 837-38, 114 S.Ct. 1970, 128 L.Ed.2d 811
(1994).

If a plaintiff is unable to show that
a county employee acted with subjective deliberate indifference, the county
cannot be held liable for an episodic act or omission.  See Flores, 124
F.3d at 739.  However, proof of an
employee’s subjective indifference is insufficient without showing that the
employee’s act resulted from a county policy adopted and maintained with
objective deliberate indifference to the inmate’s rights.  See Scott, 114
F.3d at 54.  A county acts with
objective deliberate indifference if it promulgates or fails to promulgate a
policy or custom despite “the known or obvious consequences that constitutional
violations would result.”  Piotrowski v. City of Houston, 237 F.3d 567, 579 (5th Cir.
2001) (internal quotations omitted). 
Further, there must be a direct causal link between the county policy
and the constitutional violation.  Id. at 580.

Analysis

            In
the present case, Rocha contends that the district court erred in granting
summary judgment because genuine issues of fact exist.  Rocha contends that Potter County employees
were deliberately indifferent to Bingle’s medical
needs because, while Bingle was assessed to be a
suicide risk, this risk was not communicated to the officers on duty and, as a
result, those officers did not comply with the county’s suicide prevention
policy.  In addition, Rocha contends that
the failures of the officers on duty were the result of Potter County’s policy
or custom of allowing officers with inadequate training and supervision to be
responsible for implementing these policies. 


            Because
establishment of subjective deliberate indifference requires proof that the
county’s employee was actually aware of a substantial risk of serious bodily
injury, we conclude that Rocha has failed to present more than a scintilla of
evidence to establish her § 1983 claim. 
No evidence raised a fact issue regarding whether Officers Gasparovich and Dorrance were
ever made aware that Bingle was on a suicide
watch.  In fact, Rocha complains that the
officers were not aware of Bingle’s suicide risk.[3]  In addition, Rocha has presented no evidence
that Bingle acted in a manner that would give rise to
an inference that he was a risk to commit suicide.  Because Rocha has presented no evidence that
either officer on duty knew that there was a substantial health risk, Officers Gasparovich and Dorrance could
not have been deliberately indifferent toward such risk.  See Calton
v. Dallas County, No. 3:05-CV-2022-N, 2007 U.S. Dist. LEXIS 97628, at
*16-*17 (N.D. Tex. June 25, 2007) (notice of suicide risk contained in medical
record is insufficient without evidence of actual knowledge of suicide
risk).  Even if the evidence were
sufficient to raise a fact issue regarding whether the officers should have
known that Bingle was a suicide risk, at best, a fact
issue would be raised as to whether the officers were negligent in failing to
follow Potter County’s suicide prevention policy, but negligence will not
support liability under § 1983.  See
Farmer, 511 U.S. at 837-38.

            Further,
while not named in Rocha’s petition, Rocha seems to contend that certain Potter
County employees were aware of the suicide risk posed by Bingle,
yet failed to ensure that the suicide prevention policy was implemented.  However, the evidence would establish only
that an Officer A. Moore and Shift Sergeant James Cook were aware of the
suicide risk noted in the assessment and reassessment.  However, there is no evidence that either of
these officers ignored the risk of harm to Bingle.  These officers prepared or acknowledged that
the appropriate documentation was completed so that Bingle
would be appropriately treated as a suicide risk.  In addition, Rocha’s pleading states that she
advised an unnamed duty nurse about the possibility that Bingle
was a suicide risk.  However, Rocha’s
pleading acknowledges that she was reassured that Bingle
would be screened for suicide risk, which the evidence establishes was
done.  Rocha further contends that she
advised “several” unnamed members of the Detention Center’s personnel that Bingle was afraid of other inmates.  She was assured that Bingle
would be placed in a cell by himself for his safety and well-being.  Bingle was, in
fact, placed in a cell by himself.  Finally,
Rocha contends that she informed unnamed Detention Center personnel that Bingle had discussed suicide during the 2001 holidays.  However, because Rocha does not identify the
individual or individuals to whom she gave this information, there is no evidence
presented that those individuals failed to take appropriate precautions.  We reiterate that a person having subjective
knowledge that a detainee poses a substantial suicide risk is insufficient to
establish subjective deliberate indifference without further proof that the
person disregarded the risk by failing to take reasonable precautions.  Gobert, 463 F.3d at 346.

            It
appears, from her live pleading and appellate brief, that Rocha’s contentions
are predicated on the concept of collective knowledge.  While the doctrine of collective knowledge
does apply to some actions of law enforcement, see Woodward v. State,
668 S.W.2d 337, 345-46 (Tex.Crim.App. 1984) (probable
cause determination may be based on what all officers knew rather than what the
arresting officer personally knew), it does not apply to § 1983 claims.  See Meadours
v. Ermel, 483 F.3d 417, 421-22
(5th Cir. 2007).  Further, it
is clear that the test for deliberate indifference requires an analysis of what
the individual actors knew and how they acted in the face of this
information.  See Gobert, 463 F.3d at 346.

            Rocha
bases her claims, in large part, on Potter County’s alleged violations of Texas
Jail Standards.  However, violations of
state law are not actionable under § 1983. 
See San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 701 n.4 (5th Cir. 1991)
(citing Jones v. Diamond, 594 F.2d 997, 1011 (5th Cir.
1979)).  Administrative protocols do not
establish constitutional rights for treatment of detainees.  Whitt v. Stephens County,
236 F.App’x 900, 902-03 (5th Cir. 2007).

            Rocha
presents specific arguments that Potter County’s acts or omissions were the
moving force behind Bingle’s suicide and that Potter
County’s failure to follow its suicide prevention policy constituted a
“State-Created Danger.”  Both of these
arguments go to the causation element necessary for a § 1983 claim and, as
addressed above, if a plaintiff fails to establish that the defendant was both
subjectively and objectively deliberately indifferent, causation is not
reached.

            Additionally,
while Rocha has failed to present any evidence that would support her claim
that any Potter County employee acted with subjective deliberate indifference
in regard to Bingle’s suicide, we will address
Rocha’s contention that Potter County failed to properly train or supervise its
employees and that such failure was the moving force behind Bingle’s
suicide.[4]  To establish a claim for failure to train or
supervise under § 1983, Rocha must show that: (1) Potter County failed to train
or supervise the officers involved, (2) there is a causal connection between
the alleged failure to supervise or train and the alleged violation of Bingle’s rights, and (3) the failure to train or supervise
constituted deliberate indifference to Bingle’s
constitutional rights.  Thompson v. Upshur County, 245 F.3d 447, 459 (5th
Cir. 2001).  Deliberate
indifference cannot be inferred merely from a negligent or even grossly
negligent response to a substantial risk of harm.  Id. 
This is so because to hold a county liable for the negligent acts of its
employees would state a claim for respondeat superior,
which is not actionable under § 1983.  Ashcroft v. Iqbal, 2009 U.S. LEXIS
3472, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009); Monell v. Dep’t of Soc. Servs.,
436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611
(1978).  To establish that Potter
County was deliberately indifferent in its training and supervision, Rocha
“must demonstrate a pattern of violations and that the inadequacy of the
training and supervision is ‘obvious and obviously likely to result in a
constitutional violation.’”  Cousin v.
Small, 325 F.3d 627, 637 (5th Cir. 2003) (quoting Thompson,
245 F.3d at 459).  

            The
evidence does not raise a genuine issue of material fact regarding the training
and supervision of Gasparovich or Dorrance.[5]  The evidence establishes that Gasparovich had received a temporary jailer’s license prior
to the date of Bingle’s suicide.  Rocha’s complaints focus on the fact that, on
the date of Bingle’s suicide, Gasparovich
had not received classroom training in suicide prevention or even in performing
cell checks.  However, there is no
evidence in the record that Gasparovich’s
“on-the-job” training did not include practical instruction in performing these
tasks.  Further, Rocha has identified no
statute or regulation that prohibits temporary jailer’s license holders from
performing the tasks required of a fully licensed jailer.  In fact, the law authorizes
the holder of a temporary jailer’s license to perform the functions of a
jailer.  See Tex. Occ. Code Ann. § 1701.310 (Vernon Supp. 2009).  Thus, the evidence establishes that Potter
County was in compliance with the applicable law in allowing Gasparovich to oversee the A pod of the Potter County
Detention Center on the night of Bingle’s
suicide.  Further, Rocha’s evidence in no
way establishes a pattern of violations such that the inadequacy of training
and supervision is obvious and obviously likely to result in a constitutional
violation.  See Cousin, 325 F.3d at 637.

            Rocha
additionally argues that a genuine issue of material fact is raised as to
Potter County’s training and supervision based on Potter County’s ratification
of Gasparovich’s actions that is the result of Potter
County failing to take corrective or disciplinary action against Gasparovich. 
Ratification of an officer’s actions or omissions can impact whether a
single incident can support a claim of inadequate training and
supervision.  See Grandstaff v. City of Borger, 767 F.2d 161, 171 (5th Cir. 1985).  However, as addressed above, there is no
evidence that Gasparovich was aware that Bingle posed a suicide risk.  As such, there is no evidence that her
actions were not appropriate for a pretrial detainee that was not classified as
a suicide risk.

            For
the foregoing reasons, we conclude that Rocha has failed to provide any
evidence that would raise a genuine issue of material fact regarding her § 1983
claims.  Consequently, we affirm the
trial court’s grant of summary judgment in favor of Potter County.

Spoliation of Evidence

            Finally,
Rocha contends that Potter County was guilty of spoliation of evidence.  Rocha’s allegation is that Potter County
destroyed videotaped evidence that would establish how often officers checked Bingle’s cell.  But,
assuming that we were to conclude that Potter County was guilty of spoiling
this evidence, such evidence would have no bearing on whether Gasparovich was aware that Bingle
posed a suicide risk.  Thus, even if we
assume that Potter County spoiled this evidence and, therefore, presume that the
evidence was unfavorable to Potter County, see Brumfield v. Exxon
Corp., 63 S.W.3d 912, 920 (Tex.App.—Houston [14th
Dist.] 2002, pet. denied), Rocha has still not presented evidence that raises a
genuine issue of material fact regarding her § 1983 claim.

 

 

Conclusion

            Having
overruled Rocha’s sole appellate issue, we affirm the trial court’s judgment granting
Potter County’s Plea to the Jurisdiction and Motion for Summary Judgment.

 

 

                                                                                                Mackey K. Hancock

                                                                                                            Justice

 

 

 

            








 











[1]
Further
reference to 42 U.S.C. § 1983 will be to “§ 1983.”





[2]
While Rocha’s
issue complains of the dismissal of her claims under the Texas Tort Claims Act,
as previously noted, these claims were abandoned in Rocha’s live pleading.  Consequently, at the time of the trial
court’s dismissal, Rocha’s state law claims were no longer part of the case.





[3]
Actually, the
facts known to the officers in charge at the time of Bingle’s
suicide would lead to the more likely inference that he was housed in the A pod
because of his recent involvement in a fight rather than because he was under a
suicide watch.  





[4]
While the
failure to train or supervise a specific individual could state a claim for an
episodic act or omission, Rocha’s claims, as pled, would seem to require proof
of a systemic failure and, therefore, be more properly classified as a
condition of confinement.  However, the
Fifth Circuit has addressed claims of inadequate training and supervision as
part of episodic act or omission cases.  See
Brumfield v. Hollins, 551 F.3d 322, 327-29 (5th
Cir. 2008); Anderson, 286 F.App’x at 859-63 (5th
Cir. 2008); Flores, 124 F.3d at 738-39. 
Thus, without expressing any opinion on whether Rocha’s training and
supervision claims constitute episodic act or omission claims, we will address
these claims.





[5] Actually, Dorrance is identified by Rocha not as an individual that
lacked sufficient training, but rather as the individual that had been trained
sufficiently that she could have prevented Bingle’s
suicide if she had properly supervised Gasparovich.