# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2013

No. 12-50371
Summary Calendar

Lyle W. Cayce
Clerk

RUSSELL WAYNE WILSON,

Plaintiff-Appellant

v.

MILAM COUNTY, "Overall Over Seer," Over County and City of Cameron's Combined Jail Facility; CITY OF CAMERON, "Overall Over Seer," Over County and City of Cameron's Combined Jail Facility; DAVID GREEN, Sheriff, Milam County's and City of Cameron's Combined Jail Facility; KATRINA DOUGLAS, Captain, Milam County's and City of Cameron's Combined Jail Facility; JOHN DOE, Security Surveillance and Safety "Sergeant" Milam County's and City of Cameron's Jail Facility Employee; JAMES MAGEE, Kitchen's Managing Supervisor Milam County's and City of Cameron's Combined Jail Facility; DOUG VEECHE, Jail Administrator, Milam County's and City of Cameron's Combined Jail Facility,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CV-4

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court dismissed for failure to state a claim the 42 U.S.C. § 1983 lawsuit filed by Russell Wayne Wilson, Texas prisoner # 1559806, seeking compensation for bodily injuries he allegedly sustained while working as an inmate trustee in the kitchen of the "Combined Jail Facility" of the City of Cameron and Milam County, Texas. He claimed that he was denied the right to a safe working environment and further that he was denied access to medical treatment. The district court certified that Wilson's appeal was not taken in good faith and therefore denied his motion for leave to proceed in forma pauperis (IFP) on appeal. We are now presented with Wilson's request to proceed IFP on appeal and challenge to the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1992). In arguing that the district court erred in determining that his appeal was not taken in good faith, Wilson essentially restates the allegations he made in the district court.

We review a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, the standard used for dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1988). Although we accept the plaintiff's allegations as true, to survive a Rule 12(b)(6) dismissal, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)).

In regard to his claims against Milam County and the City of Cameron, Wilson failed to specifically identify any official policy or custom that was the moving force behind the alleged violation of his constitutional rights. *See Forgan v. Howard Cnty.*, 494 F.3d 518, 522 (5th Cir. 2007); *Piotrowski v. City of Houston,* 237 F.3d 567, 578-79 (5th Cir. 2001). Thus, he did not sufficiently

allege any claim for relief against the County or the City that is plausible on its face. *See In re Katrina Canal Breaches Litigation*, 495 F.3d at 205. Additionally, Wilson's factual allegations are insufficient to demonstrate that James Magee acted with deliberate indifference with respect to Wilson's safety and his medical needs; he therefore has not stated a claim for relief against Magee under § 1983. *See Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994); *Daniels v. Williams*, 474 U.S. 327, 332-36 (1986). Finally, Wilson's allegations fail to establish any personal connection between Sheriff David Green, Captain Katrina Douglas, and Doug Veeche and his kitchen assignment and alleged injuries. Moreover, he has made only conclusory allegations that Green, Douglas, and Veeche implemented or oversaw a policy with respect to the safety and well-being of inmate trustees; "conclusory allegations . . . will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Wilson's claims against these three defendants are based on no more than a respondeat superior theory and are thus frivolous. *See Thompkins*, 828 F.2d 298, 303 (5th Cir. 1987).

Because Wilson has not demonstrated that the district court erred in certifying that his appeal is not taken in good faith, we deny his IFP motion and dismiss his appeal as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The district court's dismissal of Wilson's § 1983 complaint for failure to state a claim and this court's dismissal of his appeal as frivolous count as two strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Wilson is warned that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; IFP MOTION DENIED; SANCTION WARNING ISSUED.